IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANCIS X. SERIO,
    Plaintiff

v.      Civil No. AMD 02-1909

FRANK A. SERIO & SONS, INC.,
et al.,
    Defendants

...o0o...

## MEMORANDUM

Plaintiff, Frank X. Serio, has filed a three count amended complaint against defendants Frank A. Serio, Rose J. Serio, Robert Serio, Rosemary Serio, and Ronald F. Serio. The sole corporate defendant has been dismissed from the action. The gravamen of the complaint is that the defendants breached a settlement agreement to which all parties were signatories and which arose out of earlier litigation between the parties. The original claims in that litigation, in turn, arose out an intrafamily dispute over the operation and sale of a family-owned business enterprise. In the present amended complaint, plaintiff seeks an accounting and damages. Jurisdiction exists on the basis of diversity of citizenship.

Now pending are defendants' joint motion to dismiss and the parties' uncontested motions to seal certain documents, including the underlying Settlement Agreement out of which this dispute arises, which were filed in or made part of the court file without a prior request for a sealing order. No hearing is needed. Local Rule 105.7 (D.Md. 2001).



As for the motions to seal portions of the record, the motions shall be denied. The parties have not established the requirements for a sealing order, and in any event, the documents have already become infused with a public character by virtue of their months-long existence in the public court file. *Cf. generally Ashcraft v. Conoco, Inc.*, 218 F.3d 288 (4th Cir. 2000); *In re State-Record Co.*, 917 F.2d 124, 127 (4th Cir. 1990).; *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178 (4th Cir. 1988); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249 (4th Cir. 1988).

As for the motion to dismiss, it too, shall be denied. The motion and the plaintiffs' reply memorandum are accompanied by five critical exhibits, detailing in depth some of the factual history of this dispute. Thus, the motion to dismiss is not remotely properly filed motion under Fed.R.Civ.P. 12(b)(6). Manifestly, to the contrary, it is a pre-discovery motion for summary judgment, which is not yet ripe for consideration.

Accordingly, the motions shall be denied and defendants shall be ordered to file answers to the amended complaint. In the interest of justice and for good cause, I shall order the parties to participate in good faith in ADR proceedings before a Magistrate Judge. An Order follows.

Filed: December 16, 2002

_____
ANDRÉ M. DAVIS
United States District Judge